IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal Action No. RDB-11-0646 |
| TROY WILKENS, | * | |
| Petitioner. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Petitioner Troy Wilkens ("Petitioner" or "Wilkens") pled guilty in this Court to one count of Possession with the Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).  J., p. 1, ECF No. 43.  This Court sentenced Wilkens to 60 months imprisonment. *Id.* at p. 2.  The Office of the Federal Public Defender ("Federal Public Defender") has filed a letter dated May 15, 2015 on Wilkens' behalf as a Motion for a Reduced Sentence under 18 U.S.C. § 3582(c)(2) based on retroactive application of Amendment 782 to the United States Sentencing Guidelines, which lowered the offense levels for drug offenses.  The Office of the United States Attorney has opposed this Motion.  The parties' submissions have been reviewed[1], and a hearing was held in this Court on August 7, 2015.  For the reasons that follow, the Office of the Federal Public Defender's Motion for a Reduced Sentence is DENIED[2].

---

[1] Via Letter Order dated June 17, 2015 (ECF No. 55), this Court requested supplemental briefing on the issue of "whether a career offender as defined in section 4B1.1 of the advisory guidelines is eligible for a sentencing reduction under 18 U.S.C. Section 3582(c)(2)."  That issue has been fully briefed and is addressed herein.

[2] Also pending is Petitioner's *pro se* Motion for a Reduced Sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines (ECF No. 61).  For the reasons stated herein, Petitioner's *pro se* Motion for a Reduced Sentence (ECF No. 61) is also DENIED.

## BACKGROUND

Petitioner Troy Wilkens ("Petitioner" or "Wilkens") pled guilty in this Court to one count of Possession with the Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).  J., p. 1, ECF No. 43.  At sentencing, Wilkens was classified as a career offender under U.S.S.G. § 4B1.1.  Federal Public Defender Mot., May 15, 2015, p. 1.; Statement of Reasons, p. 3.  With this enhancement, his guideline range was 168 to 210 months imprisonment (based on an offense level 30 and criminal history category VI). Statement of Reasons, p. 1.  However, this Court ultimately imposed a sentence of 60 months imprisonment,  " a sentence outside the advisory sentencing guideline system," based on the facts of Wilkens' case and for reasons outlined in the federal sentencing statute, 18 U.S.C. § 3553(a).  Statement of Reasons, p. 2-3.[3]  The Office of the Federal Public Defender has now requested that Wilkens' sentence be reduced pursuant to 18 U.S.C. § 3582, based on retroactive application of Amendment 782 to the Sentencing Guidelines, which lowered the offense levels for drug offenses.

## ANALYSIS

Subsequent to Wilkens' sentencing, the United States Sentencing Commission adopted Amendment 782, amending the Drug Quantity Table in Section 2D1.1 of the Sentencing Guidelines, which provides the base offense levels for most federal controlled substance offenses.   Shortly thereafter, the Sentencing Commission voted to make Amendment 782 retroactive.  *See* U.S.S.G. § 1B1.10(d).  18 U.S.C. § 3582(c)(2) authorizes a Court to reduce the term of imprisonment of a defendant "sentenced . . . based on a

---

[3] A "non-guideline sentence" is a "variance sentence" and is appropriate where a departure fails to "serve the factors set forth in § 3553(a)."  *United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011).

sentencing range that has subsequently been lowered by the Sentencing Commission."
However, reductions must be "consistent with applicable policy statements issued by the
Sentencing Commission."   18 U.S.C. § 3582(c)(2).   The United States Supreme Court
explained in *Dillon v. United States*, 560 U.S. 817 (2010) that the "applicable policy statements"
referenced in Section 3582(c)(2) are those found in U.S.S.G. § 1B1.10.   *United States v. France*,
No. 15-6662, 2016 WL 373770, at *1 (4th Cir. Feb. 1, 2016) (quoting *Dillon*, 560 U.S. at 826).
Section 1B1.10 instructs courts considering reductions to "determine the amended guideline
range that would have been applicable to the defendant if the amendment(s) . . . had been in
effect at the time the defendant was sentenced."  A sentence "reduction . . . is not consistent
with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if an
amendment . . . does not have the effect of lowering the defendant's *applicable guideline range*."
U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added).

U.S.S.G. § 4B1.1 sets the guideline range for career offenders and was unaffected by
Amendment 782.  "[T]he parties agree that persons who were designated – and sentenced –
as career offenders are not entitled to relief under § 3582(c)(2) because their sentences were
not 'based on' " the drug guidelines modified by Amendment 782.  Correspondence from
Sapna Mirchandani, Appellate Attorney, Federal Public Defender, D. Md. to Judge Richard
D. Bennett (Sept. 25, 2015, 03:00 EST) (quoting Defense Reply Brief, p. 2-3).  However, the
Federal Public Defender argues that Wilkens does not fall within this class because this
Court ultimately imposed a sentence outside the career offender range.  While Wilkens was
technically *designated* a career offender, the Federal Public Defender argues that he was not
*sentenced* as a career offender and, therefore, that his sentence was not "based on" the career

offender guideline range as that term is used in 18 U.S.C. § 3582(c)(2).  Defendants' Joint

Reply Brief, p. 1-2.  The Government acknowledges that Wilkens ultimately received a

sentence outside the career offender guideline range, but contends that the career offender

guideline range is still Wilkens' "applicable guideline range" under U.S.S.G. §

1B1.10(a)(2)(B).  Govt's Response, p. 5.

The Federal Public Defender relies on *United States v. Munn*, 595 F.3d 183 (4th Cir.

2010), a decision of the United States Court of Appeals for the Fourth Circuit holding that

"a defendant's career offender designation does not bar a § 3582(c)(2) sentence reduction

based on [an amendment to the drug guidelines] if (1) the sentencing court granted an

Overrepresentation Departure from the career offender guideline range, and (2) the court

relied on the [drug] guidelines in calculating the extent of the departure." *Munn*, 595 F.3d at

192.[4]  However, the United States Courts of Appeals for the Sixth, Eighth, and Tenth

Circuits have held that career offender designation does bar sentence reduction, even where

the sentencing court departed from the career offender guideline range. *See United States v.*

*Pembrook*, 609 F.3d 381, 384 (6th Cir. 2010); *United States v. Blackmon*, 584 F.3d 1115 (8th Cir.

2009); *United States v. Darton*, 595 F.3d 1191, 1197 (10th Cir. 2010).  Furthermore, since the

Fourth Circuit's decision in *Munn*, the United States Sentencing Commission has explicitly

---

[4] Additionally, the Federal Public Defender raises several arguments under *Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011), a United States Supreme Court decision involving a defendant who was sentenced after entering into a Rule 11(c)(1)(C) plea agreement.  However, the Fourth Circuit has explicitly declined to apply *Freeman* to sentence reduction motions where the defendant did not enter into a "C Plea." *See United States v. France*, No. 15-6662, 2016 WL 373770, at *2 (4th Cir. Feb. 1, 2016) (unpublished) (*per curiam*) (We also reject France's reliance on *Freeman* . . . as a basis for relief because that decision addresses the availability of a § 3582(c)(2) reduction to a defendant who enters into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. France did not enter into a Rule 11(c)(1)(C) plea agreement.).  The United States District Court for the Eastern District of Virginia has held the same.  *See United States v. Quarles*, 889 F. Supp. 2d 783, 789 (E.D. Va. 2012) (*Freeman* is inapplicable for two reasons.  First, Freeman, unlike Quarles, was not sentenced under the career offender provision . . . Second, Freeman's sentence was based on a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C)).

"adopt[ed] the approach of the Sixth, Eighth, and Tenth Circuits" and "clarif[ied] that the applicable guidelines range referred to in § 1B1.10 is the guideline range determined pursuant to § 1B1.10(a), which is determined *before consideration of any departure provision in the Guidelines Manual or any variance.*" U.S.S.G. App. C., Amend. 759 (2011) (emphasis added).   In *United States v. Moton*, 531 Fed. Appx. 377, 378 (4th Cir. 2013) (unpublished) (*per curiam*), the Fourth Circuit recognized that "the Sentencing Commission has abrogated the ruling in *Munn* by defining 'applicable guideline range' as 'the guideline range that corresponds to the offense level and criminal history category determined . . . before consideration of any departure provision.' U.S.S.G. App. C., Amend. 759 (2011)."   Judge Chasanow of this Court has held the same.  *See United States v. Brown*, No. DKC 03-0538, 2015 WL 4638043, at *1 (D. Md. July 29, 2015) ("This amendment effectively abrogates the holding in *Munn* that a defendant, despite being a career offender, is eligible for a sentence reduction if, after a departure, his sentence falls squarely within the otherwise applicable crack cocaine guideline range.")

Since *Moton*, the Fourth Circuit has affirmed several United States District Court Orders denying career offenders' motions to reduce their sentences in light of Amendment 782.  *See, e.g., United States v. Brown*, 623 Fed. Appx. 101 (4th Cir. 2015) (unpublished) (*per curiam*) ("Here, because Brown was sentenced as a career offender, Amendment 782 to the Sentencing Guidelines, which reduced the offense levels applicable to drug offenses, did not have the effect of lowering his applicable Guidelines range."); *United States v. McCright*, No. 17-7600, 2015 WL 9287849, at *1 (4th Cir. 2015) (unpublished) (*per curiam*) ("Because McCright was sentenced as a career offender, Amendment 782 to the Sentencing Guidelines, which reduced the offense levels applicable to drug offenses, did not have the effect of

lowering his applicable Guidelines range."). As noted above, the Federal Public Defender objects that cases like these are distinguishable from the present case in that the defendants in these cases were "sentenced" as career offenders, while Wilkens was classified as a "career offender," but did not receive a sentence based on the enhanced range. However, the Fourth Circuit has recently in *United States v. Hall*, No. 15-7140, 2016 WL 66605, at * 1 (4th Cir. 2016) (unpublished) (*per curiam*) upheld the denial of a defendant's motion for reduced sentence under Amendment 782 where he was sentenced as a career offender and the court, like this Court in Wilkens's case, "departed downward" from that Guideline range at sentencing. *Hall*, 2016 WL 66605, at * 1. Similarly, the United States District Court for the Eastern District of Virginia denied a motion for reduced sentence under Amendment 782 because the defendant had been "designated a career offender," even though the sentencing court "departed from the advisory guideline range." *United States v. Adams*, No. 7:13CR00024, 2015 WL 7458654, at * 1 (E.D. Va. 2015).[5]

Although this Court imposed upon Wilkens a sentence "outside the advisory sentencing guideline system," his predicate offenses still established him as a *career offender*. The career offender guideline range was his "applicable guideline range" because it was "determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. App. C., Amend. 759 (2011). Amendment 782 amended the Drug Quantity Table in Section 2D1.1 of the Sentencing Guidelines, but did not affect the career

---

[5] Although Wilkens' sentence was a "variance sentence" as opposed to a "departure," the same analysis applies. *See United States v. Williams*, 510 Fed. App'x 288, 289 (4th Cir. 2013) (unpublished) (*per curiam*). The Sentencing Guidelines provide that "applicable guideline range" is "determined before consideration of any departure . . . *or any variance.*" U.S.S.G. App. C., Amend. 759 (2011) (emphasis added).

offender guideline range under Section 4B1.1.   Consequently, Wilkens is not entitled to a reduced sentence under 18 U.S.C. § 3582(c)(2).

## **CONCLUSION**

For the reasons stated above, the Office of the Federal Public Defender's Motion for a Reduced Sentence under 18 U.S.C. § 3582(c)(2) is DENIED.   Additionally, Petitioner's *pro se* Motion for a Reduced Sentence is also DENIED.

Dated:        February 11, 2016

_____/s/_____
Richard D. Bennett
United States District Judge