IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TROY WILKENS, | * | |
| Petitioner | * | |
| | | Civil Action No. RDB-14-1934 |
| v. | * | Criminal Action No. RDB-11-0646 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Petitioner Troy Wilkens ("Petitioner" or "Wilkens") pled guilty before this Court to one count of Possession with the Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). J., p. 1, ECF No. 43. At sentencing, this Court adopted the factual findings and advisory guideline applications in the Presentence Report (ECF No. 38) and found that Wilkens was a "career offender" under Section 4B1.1 of the United States Sentencing Guidelines. His total offense level was 30, and his criminal history category was VI. Statement of Reasons [Sealed], p. 1, ECF No. 44. Accordingly, his advisory sentencing guideline range was 168 to 210 months imprisonment. *Id.* However, based on the factors set forth in 18 U.S.C. § 3553(a), this Court ultimately sentenced Wilkens to 60 months imprisonment and four years supervised release, a sentence well below the career offender guideline range. *Id.* at 3.

Wilkens appealed his sentence to the United States Court of Appeals for the Fourth Circuit, but that appeal was subsequently dismissed upon his own motion. *See* Order, ECF

No. 49. He further moved for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on retroactive application of Amendment 782 to the United States Sentencing Guidelines, which lowered the offense levels for drug offenses. This Court denied that Motion via Memorandum Order dated February 11, 2016 (ECF No. 65) because the "career offender" guideline range under U.S.S.G. 4B1.1, his applicable guideline range, was unaffected by Amendment 782. Wilkens likewise appealed that ruling, but that appeal was again dismissed upon his motion. *See* Order, ECF No. 84.

On March 25, 2016, Wilkens was released from custody.[1] However, still pending before this Court is Wilkens' Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 51), in which he argues that he is no longer a career offender under Section 4B1.1 because one of his predicate convictions, Maryland manslaughter, no longer qualifies as a "crime of violence" in light of the United States Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Wilkens' Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 51) is DENIED.

ANALYSIS

I.   Wilkens' Motion to Correct Sentence is Untimely

A one-year statute of limitations applies to Section 2255 petitions. 28 U.S.C. § 2255(f). The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created

---

[1] Although Wilkens is no longer incarcerated, his Section 2255 Motion to Correct Sentence is still ripe for adjudication because he remains on supervised release. The United States Court of Appeals for the Fourth Circuit has made clear in *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) that "[a] prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion" (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)).

2

by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  *Id.*; *see Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014).

This Court entered Judgment against Wilkens (ECF No. 43) on March 7, 2013.  As noted *supra*, Petitioner subsequently appealed this Court's Judgment to the United States Court of Appeals for the Fourth Circuit.  *See* Notice of Appeal, ECF No. 45.  The Fourth Circuit granted Wilkens' motion to voluntarily dismiss that appeal via Order dated May 24, 2013 (ECF No. 49).  A formal mandate issued that same day (ECF No. 50).  Wilkens filed the pending Section 2255 Motion to Correct Sentence on June 15, 2014, more than one year after this Court's entry of Judgment and more than one year after the Fourth Circuit's dismissal of his appeal.  Although Wilkens did file the pending motion within one year of the United States Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), the Supreme Court has not held that its decision in *Descamps* applies retroactively to cases on collateral review, nor is this Court aware of any subsequent circuit court opinion so holding. *See Martin v. United States*, No. PJM 02-178, 2015 WL 3780444, at *3 (D. Md. June 9, 2015); *Baldwin v. United States*, No. JFM-13-2006, 2013 WL 6183020, at *2 (D. Md. Nov. 25, 2013); *Randolph v. United States*, No. CCB-13-1227, 2013 WL 5960881, at *1 (D. Md. Nov. 6, 2013); *see also United States v. Owens*, No. 3:05CR264-HEH-1, 2016 WL 1562917, at *2 (E.D. Va.

2016) (explaining that *Descamps* does not recognize a new right or apply retroactively on collateral review). Therefore, the pending motion is untimely under 28 U.S.C. § 2255(f).

II.  Wilkens was Sentenced Well Below the "Career Offender" Guideline Range

Even if Wilkens' motion were timely, it would still be denied because Wilkens was sentenced well below the "career offender" guideline range. Wilkens did not challenge his "career offender" designation on direct appeal. The United States Court of Appeals for the Fourth Circuit has made clear that issues not raised at trial or on direct appeal are deemed procedurally defaulted and cannot be considered in a subsequent Section 2255 motion unless a movant can show either that 1) "cause and actual prejudice" resulted from the errors asserted, or 2) that an "imminent miscarriage of justice" would result from a denial of the collateral attack. *See United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Cause "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id.* at 493. Demonstrating a potential "miscarriage of justice" requires a showing of movant's "actual innocence by clear and convincing evidence." *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Although Wilkens was designated as a 'career offender' at sentencing, he can neither demonstrate prejudice nor miscarriage of justice because his actual sentence was significantly below the career offender advisory guideline range. His sentencing guideline range was 168 to 210 months imprisonment. Statement of Reasons [Sealed], p. 1, ECF No. 44. However, this Court ultimately sentenced Wilkens to 60 months imprisonment, based on the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 3.

Additionally, where a Section 2255 motion is based on an alleged sentencing miscalculation, relief should only be afforded where "the sentence was in excess of the maximum authorized by law" and therefore constitutes a "miscarriage of justice." 28 U.S.C. § 2255(a); *see United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999). The Fourth Circuit has made clear in *United States v. Foote*, 784 F.3d 931, 937 (4th Cir. 2015) that where a sentence is "'within the statutory limits' and the proceedings were not 'infected with any error of fact or law of the fundamental character,' [a] claim is not appropriate for § 2255 review" (citing *United States v. Addonizio*, 442 U.S. 178, 186 (1979)). In this case, Wilkens' sentence of 60 months imprisonment was well within statutory limits, as 21 U.S.C. § 841(b)(1)(c) provides for a maximum sentence of 20 years imprisonment. Furthermore, as noted *supra*, Wilkens has now served his entire 60 month prison sentence and has already been released from incarceration. Therefore, to the extent he has sought a reduction of his 60 month sentence, that request is moot.

## **CONCLUSION**

For the reasons stated above, Petitioner Troy Wilkens' Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 51) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court

denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Wilkens' claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: July 31, 2017

                                                                /s/
                                        Richard D. Bennett
                                        United States District Judge